UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CR23, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-cv-138-RLY-WGH |
| | ) | |
| DIAMOND EQUIPMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

This matter is before the court on Defendant's Motion for Summary Judgment filed June 30, 2010. Plaintiff has not filed a response. Accordingly, the court will accept the Defendant's version of the facts as true.

**II.   Summary Judgment Standard**

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The motion should be granted so long as no rational fact finder could return a verdict in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Thus, a court's ruling on a motion for summary judgment is akin to that of a directed verdict, as the question

essentially for the court in both is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. When ruling on the motion, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences therefrom in that party's favor. *Id.* at 255. If the nonmoving party bears the burden of proof on an issue at trial, that party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see also Silk v. City of Chicago,* 194 F.3d 788, 798 (7th Cir. 1999). Lastly, the moving party need not positively disprove the nonmovant's case; rather, it may prevail by establishing the lack of evidentiary support for that case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

## III. Analysis

Plaintiff's complaint claims breach of contract, negligence, and gross negligence. Defendant's Motion for Summary Judgment claims that Norm Bangle ("Bangle") had the authority to act on behalf of Plaintiff, that the economic loss doctrine bars Plaintiff's claim for negligence and gross negligence, and that no cause of action exists to award Plaintiff punitive damages.

### A. Application of State Substantive Law

This is a suit brought pursuant to the court's diversity jurisdiction. While a federal court sitting in diversity jurisdiction shall apply its own procedural laws, it must apply the substantive laws of the state in which it sits. *First Nat. Bank and Trust Corp. v. American*

*Eurocopter Corp.,* 378 F.3d 682, 689 (7th Cir. 2004). Accordingly, the court will apply Indiana substantive law.

### B. Agency Authority

Defendant argues that Bangle had the apparent authority to sign the loan documents and to direct the payment of the funds, and therefore is entitled to summary judgment.

"An agent possesses apparent authority when a third person reasonably believes the agent possesses authority due to some act by the principal." *Scott v. Randle,* 697 N.E.2d 60, 67 (Ind. Ct. App. 1998). An agent who is placed in a position to "act and make reasonable representations" is sufficient to give the agent the apparent authority to act on behalf of the principal. *Menard, Inc. v. Dage-MTI, Inc.,* 726 N.E.2d 1206 (Ind. 2000). Authority may not be communicated solely by the agent, but instead there must be "some form of communication, direct or indirect, by the principal, which instills a reasonable belief in the mind of the third party" that the agent has the authority to act on behalf of the principal. *AutoXchange.com, Inc. v. Dreyer and Reinbold, Inc.,* 816 N.E.2d 40 (Ind. Ct. App. 2004). However, if a principal "places an agent in the position of sole negotiator on his behalf, it may be reasonable for the third person to believe that the agent possesses authority to act for the principal." *Id.* at. 48. In this instance, the conduct of the principal, Jud Ireland ("Ireland"), although indirect, constitutes the requisite manifestation or communication that the agent, Bangle had the authority to act. *Id.* at 48.

In this case, Ireland admitted that he had relied on Bangle to negotiate on behalf of

CR23 with CNH Capital and never contacted CNH to warn them that Bangle had limited authority. Ireland's own attorneys reviewed the loan documents prior to the closing, and Ireland knew about the upcoming closing and that Bangle had closed the loan. Bangle was the sole point of contact for the Plaintiff with CNH and the Defendant. Defendant never met nor was ever contacted by Ireland. Therefore, because Bangle was acting as the sole negotiator and there was no direct or indirect communication by Ireland, it was reasonable for Defendant to believe that Bangle had authority to complete this transaction. Viewing these facts as true, the court finds that Defendant is entitled to judgment as a matter of law and, therefore, summary judgment is granted as to Count I.

### C. Economic Loss Doctrine

Defendant, relying on the economic loss doctrine, argues that Plaintiff has no claim for negligence (Count II) or gross negligence (Count III).

"The rationale for the economic loss doctrine is that purely economic injuries between contracting parties should be redressed in contract actions." *First Internet Bank of Indiana v. Lawyers Title Ins. Co.,* 2009 WL 2092782 (S.D. Ind. 2009). A party whose injuries are purely economical "cannot recover again in a negligence or breach of fiduciary duty action." *Id.* at 9. Economic losses only "occur when there is no personal injury and no physical harm to other property." *Gunkel v. Renovations, Inc.,* 822 N.E.2d 150, 153-54 (Ind. 2005) (citing W. Prosser, *Handbook on the Law of Torts* § 101, at 665 (4th ed. 1971)). A plaintiff must "suffer harm beyond the party's contractual or commercial expectations in order to recover in tort under the economic loss doctrine." *Id.*

at 154.

In this case, the economic loss doctrine bars Plaintiff's claim for negligence and gross negligence because there was no personal injury or physical harm to property. Plaintiff's alleged injuries were purely economic in nature and, therefore, is not entitled to recover again in a negligence claim. Defendant is entitled to judgment as a matter of law and summary judgment is granted as to Counts II and III.

**IV.  Conclusion**

The court, having reviewed the pleadings and other relevant material, concludes that there are no genuine issues of material fact and Defendant's Motion for Summary Judgment (Docket # 32) is hereby **GRANTED**.

**IT IS SO ORDERED** this 29th day of December 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copy to:  	Electronic Copy to:

CR23, LLC  	Catherine A. Nestrick
Box 291  	BAMBERGER FOREMAN OSWALD & HAHN
Plains, TX 79655  	cnestrick@bamberger.com

5